**Pedro Manuel Adel ALVAREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–85–00281–CR.**

Court of Appeals of Texas, El ·Paso.

Sept. 15, 1994.

Salvador C. Ramirez, Robert R. Harris, Charles Louis Roberts, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for the State.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

### OPINION ON REMAND

BARAJAS, Chief Justice.

This is an appeal from a jury conviction for the offense of aggravated robbery. The jury assessed punishment at sixty years' imprisonment.[1] We reverse.

## I. PROCEDURAL HISTORY

On March 4, 1987, this Court issued an opinion affirming the conviction in the instant cause. On September 15, 1993, the Court of Criminal Appeals granted relief in the form of an out-of-time petition for discretionary review. The Appellant filed a petition that challenged the parole law instruction submitted by the trial court. In *Alvarez v. State*, Nos. 71,723 and 71,724 (Tex.Crim.App., delivered February 16, 1994), the Court of Criminal Appeals granted Appellant's petition and reversed the judgment of this Court and remanded the cause with instructions to apply a harmless error analysis pursuant to *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App. 1988), and *Arnold v. State*, 786 S.W.2d 295 (Tex.Crim.App.1990).

## II. DISCUSSION

In the Appellant's sole point of error, he asserts that the giving of the unconstitutional parole instruction was reversible error. The evidence adduced at trial revealed that on June 7, 1985, the complainant, Elizabeth King, entered her car parked in a parking lot in El Paso, Texas in order to meet some friends for dinner. She noticed the Appellant and the co-defendant walking toward a restaurant. While she tried to retrieve some lipstick from her purse, the Appellant approached the car, pointed a gun at her head and ordered her to unlock the door. King was ordered to keep her head down and the men threatened to kill her. They drove off and the Appellant and the co-defendant took King's money. Upon finding only fifty dollars they became angered. They took her jewelry. They told her they intended to take her to the desert and leave her. She was continually threatened and the gun was pointed in her face. Eventually, they drove the car down a side road toward the Rio Grande River. The men stopped the car at a barricade, shoved King out of the car, and told her to start walking. They forced her

---

1. The Appellant was also indicted for the offense of aggravated kidnapping. That case arose from the same facts as the instant case and the cases were tried together. In the aggravated kidnapping case, the jury assessed punishment at ninety-nine years' imprisonment.

down a levee road and she was ordered to stop at a clump of trees at the river bank. The co-defendant fired the gun twice near her temple and asked her if she thought they meant business. King was then bound hands and feet and after being threatened again, the two departed. After an hour of struggling, King freed herself and sought help.

 During the punishment stage of trial, the jury was instructed in accordance with the prior Code of Criminal Procedure Article 37.07, Section 4. This instruction was found constitutionally infirm in *Rose*, 752 S.W.2d at 529, 535. In *Arnold v. State*, 786 S.W.2d 295, 300 (Tex.Crim.App.1990), the Court of Criminal Appeals held that a reviewing court must examine the record for *indicia* of factors reasonably conducing to affect the minds of average rational jurors in their determination of punishment. The ultimate inquiry is whether it is impossible to say beyond a reasonable doubt that declarations made by the trial court in its section 4 declaration did not influence the jury adversely to the Appellant in assessing punishment. The Court delineated the factors utilized to conduct a harmless error analysis [2] regarding *Rose* error. The first factor is *voir dire* examination. The court focused upon this factor reasoning that endeavoring to qualify prospective jurors on a section 4 instruction tended to lay a predicate for further discussion of parole matters during the proceedings and carried a high risk of inducing jurors to engage in such discussion during deliberations on punishment. *Arnold*, 786 S.W.2d at 301.

In the present case, the prosecutor made the following remarks during her *voir dire* presentation:

Let me go a bit further. The law is brand new and has changed September first of this year where a jury may consider the fact that a given individual, not necessarily this individual, that you can convict. But, a given individual who has been convicted of a felony will not serve their time, entire time, in prison. For the first time in the history of the laws of the State of Texas a jury is entitled to consider

that you cannot consider what the Board of Pardons and Paroles will do with this individual. You can only consider that they might cut down the time in two ways.

Number one, by awarding an individual in jail good time in prison. I am sorry. Good time, that is when they go to the Texas Department of Corrections. If they're good they do all their duties, and all their chores and for whatever other reasons that the Board of Pardons and Paroles finds is correct they can cut down their time to serve in the state penitentiary down to as little as a third in a first degree felony.

In the other way that the time can be cut down is through parole. Granting a person an early release and putting them on parole. And, you may consider in the analogy I gave you on punishment an individual, any given individual, may not be required to serve their entire time. In a case of 99 years or life they serve at least a third. They serve 20 years in the State of Texas. Is there anyone that has any questions or cannot follow that law? OK.

 The *Arnold* court stated the second factor was whether an objection was lodged to the instruction. While an objection is not required to preserve *Rose* error, the fact that an instruction was submitted over objection serves to dispel any speculation that counsel might be seeking to gain some advantage from the instruction. *Arnold*, 786 S.W.2d at 301–02. In the present case, no objection was lodged.

 The third factor involves allusions to parole or good time laws made during jury argument. An argument made in terms tending to induce consideration of the eligibility formula and other teachings of a section 4 instruction compounds *Rose* error and may influence the jury in its deliberations on punishment. *Id.* at 302. Counsel choosing to address section 4 declarations and ramifications can create implications of harm, either by their remarks alone or coupled with other *indicia* in the record. *Id.* at 304.

2. See Tex R.App.P. 81(b)(2).

At trial, the prosecutor made the following remarks in argument at the punishment stage of trial:

I will talk about the law, the new law. It has only been 40 days; and we are finally able to talk about good time. Finally after years and years of letting, not letting juries know that the Defendant does not serve full time the Legislature permits us not in history of the facts, but they can be awarded good time when they go to the prison system; and do not deserve full time in prison.

. . . .

The only place it is appropriate for the Prosecutor to give their opinion is to suggest; not to give their opinion but to suggest a time that would be appropriate in the case. And, again, I am finding it very difficult not to say 99 years to you. So, I will not suggest a time. But, anything less than 60 would be inappropriate.

Anything less than 60 under the circumstances and the evidence in this case, while this is two separate trials, you may consider every piece of evidence that you heard;

. . . .

And, it is now time to stand up for the victim's rights; and Mrs. King has a right to know that you care as individuals. And, that this community cares that when someone is put in a situation as serious as being kidnapped, dragged out to the levee, threatened to be killed over and over again, degraded by obscenities that that person should be punished for it. And, not stand in line in front of you, or your children or your neighbors in a Safeway. I expect that you will go back, and deliberate, and reach a verdict; and I request that you not consider less than 60 years. But, 99 or life would not be more appropriate than in this case. Thank you.

The fourth factor concerns jury notes requesting clarification of the parole and good time laws. *Arnold*, 786 S.W.2d at 304. However, there were no jury notes in this case.

■ The fifth factor is the term of years finally assessed. This indicator, "serves somewhat as a barometric measure of other

pressures . . . likely to influence the jury in assessing punishment." *Id.* at 640. The sentence's divisibility by three is a circumstance indicating consideration of parole laws as the infirm statutory charge stated that prisoners became eligible for parole after serving one third of their sentence. *Id.* at 306 n. 14. In this cause and in the companion case, both sentences were divisible by three.

Another factor is whether the fact-finder made an affirmative finding of the use of a deadly weapon. *Id.* at 307. The jury made such a finding in this case.

Also, if the jury rejected an application for probation that was properly proved up and submitted in the court's charge on punishment, it may be some indication that the section 4 instruction did not contribute to the punishment. *Id.* at 307–08. In the instant case, the jury was instructed that Appellant was eligible for probation.

The facts of a given case may enter into the analysis especially if they are "particularly heinous facts." *Id.* at 311.

The final factor pertinent to this case is whether the traditional "curative instruction" was given. *Arnold*, 786 S.W.2d at 311. This instruction was not given in the present case.

These factors are neither exhaustive nor universally applicable. Each case must be examined based upon its own set of circumstances. *Newton v. State*, 784 S.W.2d 689, 691 (Tex.Crim.App.1990).

■ Our primary concern regarding this case is the specific references to the good time and parole laws during the State's *voir dire*. As stated, such discussion tends to lay a predicate for further discussion of such matters during the proceeding. It carries a high risk of inducing jurors to engage in it during their deliberations on punishment. *Id.* at 301. A further indicator of harm is the nature of the sentences given in this cause and the companion cause. Both are in the high range and are divisible by three. Further, under section 4, sixty years' imprisonment is the minimum term that must be assessed in order to achieve the maximum delay in parole eligibility. *Harding v. State*, 790 S.W.2d 638, 640 (Tex.Crim.App.1990). When other factors are added, such as the

lack of a curative instruction and the parole references during argument, we find that we cannot say beyond a reasonable doubt that the section 4 instruction made no contribution to punishment assessed against the Appellant. Point of Error No. One is sustained.

Accordingly, we reverse the judgment of the trial court as to punishment and remand the cause to the trial court pursuant to TEX. CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1994).